IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Maranda Priester, ) | C/A No. 8:20-cv-03231-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 34, 36. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claim for Supplemental Security Income ("SSI").

Plaintiff applied for SSI on August 22, 2017, alleging disability beginning August 1, 2017. (R. 148–53). Plaintiff's application was denied initially and upon reconsideration. (R. 94–99). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held by video on April 4, 2019. (R. 34–64). The ALJ denied Plaintiff's application in a decision dated September 1, 2019. (R. 12–26). The Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1–5).

Plaintiff filed suit in this Court on September 10, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 7, 2022, Magistrate Judge Jacqueline D. Austin issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 34. On January 21, 2022, Plaintiff filed Objections to the Report.[1] ECF No. 36. The Commissioner filed a Reply on February 1, 2022. ECF No. 37.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined

---

[1] Plaintiff's Objections contain a letter from her mother describing Plaintiff's impairments and the difficulties they cause in her ability to care for herself and perform daily activities. ECF No. 36-1. Plaintiff's mother also explains her role in her daughter's care. *Id.* While the Court has not considered the letter as objections, the Court has nevertheless reviewed it in making its decision in this case.

2

innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the ALJ's decision because it is supported by substantial evidence and adequately explains his consideration of the evidence in the record and the basis for his conclusions. ECF No. 34 at 20. Plaintiff has filed Objections which note her disagreement with certain findings in the ALJ's decision. ECF No. 36. Specifically, she claims that several statements made in the ALJ's decision no longer reflect her current situation because her condition has since deteriorated. *Id.* For example, she notes that her work at the Salvation Army in 2020 caused her serious mental health issues for which she was treated at a mental health center, and as a result of traumatizing experiences during treatment, she is no

3

longer interested in looking for work. *Id.* Plaintiff also indicates she is no longer motivated to overcome her anxiety and depression and that many things have changed since she filed her application for disability in 2017. *Id.*

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge's recommendation. In her Objections, Plaintiff describes worsening symptoms and additional medical records associated with her impairments; however, it does not appear from the record that Plaintiff submitted any additional evidence demonstrating this information.[2] Consequently, this Court cannot consider evidence that was not presented to the ALJ and instead "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." *Harmon v. Apfel*, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000) (quoting *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)); *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996) ("[I]n determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ." (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714–15 (1963))). Having conducted such review, the Court finds that the ALJ's decision is supported by substantial evidence and does not contain any errors of law. Accordingly, Plaintiff's Objections are overruled. The Report thoroughly addresses the relevant issues, and the Court adopts and incorporates the Report herein by reference.

---

[2] Plaintiff submitted additional evidence in exhibit 11B of the record, which was received by the Appeals Council. ECF No. 25-4 at 50. The Appeals Council found the evidence to be new, material, and related to the period on or before the date of the hearing decision. ECF No. 25-2 at 2. However, it does not appear that the information referenced in Plaintiff's Objections is discussed in the additional evidence submitted and considered by the Appeals Council. ECF Nos. 36; 25-4 at 50.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2022
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] For the benefit of this pro se Plaintiff, the Court notes that if Plaintiff's condition has worsened after the relevant timeframe for this claim, Plaintiff may file a new claim with the Social Security Administration with a later date of onset.